IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CASSANDRA PARKS STEWART,<br><br>Plaintiff,<br><br>v.<br><br>CIRCLE K STORES INC., and RENE ROSADO,<br><br>Defendants. | Civil Action No.<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR DAMAGES**

COMES NOW, Cassandra Parks Stewart ("Plaintiff"), and files this lawsuit against Circle K Stores Inc. ("Defendant Circle K") and Rene Rosado ("Mr. Rosado"), (collectively, "Defendants") showing the Court as follows:

**NATURE OF COMPLAINT**

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, along with liquidated, Compensatory, punitive, and actual damages, attorney's fees and costs for Defendants' unlawful retaliation under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201

1

*et seq*. (hereinafter the "FLSA"). Plaintiff also seeks damages for unlawful discrimination based on race in violation of Section 1981 of the Civil Rights Act of 1866, 42 U.S.C § 1981 ("Section 1981").

## JURISDICTION AND VENUE

3.

Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331 and 1343, and 29 U.S.C. § 216(b).

4.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## PARTIES

5.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

6.

Defendant Circle K is a foreign profit corporation qualified and licensed to do business in Georgia.

7.

Defendant Circle K is subject to the jurisdiction of the FLSA, as it is engaged in interstate commerce and its gross revenues exceed $500,000 per year.

8.

Mr. Rosado is a citizen of the United States of America and is subject to the jurisdiction of this Court.

9.

Plaintiff was an "employee" of Defendant Circle K, as that term has been defined by the FLSA, 29 U.S.C.S. § 201 *et seq.*, 29 U.S.C. § 203(e).

10.

Defendant Circle K may be served with process by delivering a copy of the summons and complaint to its registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092.

11.

Mr. Rosado may be served with process by delivering a copy of the summons and complaint to his personal address at 2341 Willow Shade Ln, Loganville, GA 30052-5932.

## **FACTUAL ALLEGATIONS**

12.

Ms. Parks Stewart began her employment with Circle K on or about February 14, 2016, as a Customer Service Representative.

13.

In January 2020, Ms. Parks Stewart was promoted to Store Manager and started managing store number 2705343.

14.

As manager, Ms. Parks Stewart made $11.55 per hour and received overtime pay.

15.

During January and February 2020, Ms. Parks Stewart was working more than 40 hours a week, often working 60 to 70 hours a week.

16.

The week of February 14, 2020, Ms. Parks Stewart worked 25.5 hours overtime.

17.

During January and February 2020, Ms. Parks Stewart's store was constantly understaffed, and employees were often calling out sick.

18.

Ms. Parks Stewart reached out to her supervisor, Market Manager Rene Rosado, to ask for help but he informed her that he did not have anyone that could help.

19.

On February 18, 2020, Rene Rosado came to Ms. Parks Stewart's store to discuss the extra hours she had been working. Rene Rosado asked Ms. Parks Stewart to alter her time to show that she was only working 40 hours a week.

20.

Ms. Parks Stewart complained to another store manager, Lula Sweat, about Mr. Rosado's request to alter her time.  Ms. Sweat advised Ms. Parks Stewart that if she altered her hours, she would not be paid for the hours she worked, and the time system would flag her and management would question her.

21.

On February 20, 2020, Ms. Parks Stewart called her manager, Rene Rosado, and opposed Mr. Rosado's instruction to mispresent her hours worked and insisted that she be paid for all her overtime hours worked.

22.

After Ms. Parks Stewart opposed Mr. Rosado's request to alter her hours, Rene Rosado became angry with her and began criticizing her job performance.

23.

Four days later, Rene Rosado was notified by account analyst, Vicki Irwin, about a missing deposit from Ms. Parks Stewart's store.

24.

Part of Ms. Parks Stewart's responsibilities as manager included accounting for and recording the store's daily monetary intake and delivering the store's deposits to the bank.

25.

On February 17, 2020, Ms. Parks Stewart accounted and recorded the store's daily intake and reported $2,972.00.

26.

On February 17, 2020, the first shift employee called out sick and Ms. Parks Stewart had to run the first shift. The second shift employee then called out sick and Ms. Parks Stewart had to cover the second shift, in addition to her regular duties as manager.

27.

Due to Ms. Parks Stewart exhaustion level, she accidentally left a deposit of $2,972.00 in the store safe.

28.

Ms. Parks Stewart did not realize her mistake until she was alerted by Rene Rosado on February 24, 2020. Ms. Parks Stewart explained to Mr. Rosado that the missing deposit was in the safe and that she forgot to make the deposit because she had worked a double shift that day.

29.

On February 24, 2020, Ms. Parks Stewart deposited $2,972.00 in the bank.

30.

On February 26, 2020, Rene Rosado terminated Ms. Parks Stewart due to "lack of work".

31.

Defendants later changed its reason for the termination in its Position Statement to the EEOC, stating that Ms. Parks Stewart was terminated for violating Circle K's Bank Deposit Policy when she failed to make the daily deposit on February 17, 2020, and left the deposit in a desk for more than six days.

32.

Defendants' given reason for terminating Ms. Parks Stewart is pretext for unlawful retaliation in response to her protected activity under the FLSA.

33.

Plaintiff was discriminated against based on her race.

34.

Other employees outside of Ms. Parks Stewart's protected class violated Circle K's Bank Deposit Policy and were not terminated.

35.

In April 2020, another Circle K store manager named Cassandra Perry failed to timely bring a daily deposit to the bank.

36.

Part of Ms. Perry's responsibilities as manager included accounting for and recording the store's daily monetary intake and delivering the store's deposits to the bank.

37.

Vicki Irwin emailed Mr. Rosado stating that the deposit was not made. Rene Rosado determined that Cassandra Perry failed to timely bring the deposit to the bank.

38.

Ms. Perry had kept the deposit in her home and did not submit the deposit until two weeks after it was due.

39.

Ms. Perry was not terminated.

40.

Cassandra Perry is a person of European ancestry, colloquially known as white.

41.

Ms. Parks Stewart is a person of African ancestry, colloquially known as black.

42.

Any reason given for Plaintiff's termination is pretext for unlawful discrimination.

## CLAIMS FOR RELIEF

### COUNT I: VIOLATION OF 29 U.S.C. § 215(A)(3) FLSA RETALIATION

43.

Plaintiff repeats and re-alleges paragraphs 10-40 as if set forth fully herein.

44.

Plaintiff engaged in protected activity when she opposed Defendants' request to alter her time. Plaintiff therefore engaged in protected activity under the FLSA.

45.

Defendants responded to Plaintiff's protected activity by terminating her employment.

46.

29 U.S.C. § 215(a)(3) makes it unlawful for any person…to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA] or has testified or about to testify in any such proceeding or has served or is about to serve on an industry committee.

47.

The FLSA's definition of the word "person" includes "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons."

48.

Defendants were prohibited from retaliating against Plaintiff because she engaged in activity protected under the FLSA.

49.

Defendants' actions, policies and/or practices as described above violate the FLSA's anti-retaliation provision, 29 U.S.C. § 215(a)(3).

50.

Defendants knew that its conduct violated the FLSA, and they acted with malice or with reckless indifference to Plaintiff's federally protected rights.

51.

Defendants' violations of the FLSA were willful and in bad faith.

52.

Plaintiff engaged in statutorily protected activity under the FLSA by opposing an employment practice she believed was unlawful under the FLSA.

53.

Plaintiff's statutorily protected activity was the determinative factor in Defendant's decision to terminate her employment.

54.

As a direct and proximate result of the retaliation, Plaintiff has sustained damages, including lost wages and emotional distress, for which she is entitled to recover from Defendant.

55.

Pursuant to the FLSA, 29 U.S.C. § 215(a)(3), Plaintiff is entitled to recover actual and liquidated damages, as well as compensatory damages, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## **COUNT II: VIOLATION OF 42 U.S.C § 1981**
## **RACE**

56.

Plaintiff re-alleges preceding paragraphs 10-40 as if set forth fully herein.

57.

Plaintiff is a person of African ancestry, colloquially known as black.

58.

Plaintiff had an employment agreement with Defendant within the meaning of 42 U.S.C. § 1981, under which, *inter alia*, Plaintiff worked for Defendant, and Defendant compensated Plaintiff for work.

59.

Plaintiff performed her contractual obligations.

60.

Defendants subjected Plaintiff to unlawful discrimination and harassment on the basis of her race.

61.

Defendants' actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of race in violation of 42 U.S.C. § 1981.

62.

The effect of the conduct was to deprive Plaintiff of economic opportunities, and otherwise adversely affect Plaintiff's status as an employee, because of her race.

63.

As a direct and proximate result of Defendants' unlawful employment practices, Plaintiff has been embarrassed, humiliated, and has suffered damage to her emotional health and has lost back pay and front pay.

64.

Defendants have willfully and wantonly disregarded Plaintiff's rights, and Defendants' discrimination against Plaintiff was undertaken in bad faith.

65.

Accordingly, Defendants are liable for the damages Plaintiff has sustained as a result of their unlawful discrimination.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment against Defendants and awarding Plaintiff liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA; and,

(C)   Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendants willfully violated the FLSA;

(D)  Grant Plaintiff general damages for mental and emotional suffering caused by Defendant's unlawful conduct; and,

(E)  Punitive damages based on Defendants' willful, malicious, intentional, and deliberate acts of race discrimination, including ratification condonation, and approval of said acts;

(F)  Reasonable attorneys' fees and expenses of litigation;

(G)  Damages for lost wages and benefits and prejudgment interest thereon;

(H)  Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(I)  Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendants from further unlawful conduct of the type described herein; and

(J)  Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted this 20th day of September 2022.

**BARRETT & FARAHANY**

*s/ Ianna O. Richardson*
Ianna O. Richardson
Georgia Bar No. 655153

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
ianna@justiceatwork.com

*Attorney for Plaintiff Cassandra Parks Stewart*